UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:     NORMAN ANDREW            Case Number 07-22127-pp
           AND VALARI LANE
           SCOFIELD
                        Debtors.     Chapter 7

## ORDER DENYING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS AND ORDERING DEBTORS TO FILE FORM B22A WITHIN TWENTY-ONE (21) DAYS

Counsel for the United States Trustee has moved to dismiss the debtors' Chapter 7 petition because they did not file a Form B22A Chapter 7 Statement of Current Monthly Income and Means-Test Calculation–which the trustee argues is required by 11 U.S.C. § 521(a)(1)–when they converted their case from one filed under Chapter 13 to one filed under Chapter 7. The debtors respond that they should not be required to file Form B22A in this case, because at the time they filed for bankruptcy under Chapter 13, they filed a Form B22C Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income. Although they since have converted their case from a petition under Chapter 13 to one under Chapter 7, they argue that the Form B22C contains all of the information necessary for the trustee to conduct the § 707(b) abuse analysis for which the means test was created. For the reasons that follow, the Court denies the motion to dismiss, but orders the debtors to file Form B22A within twenty-one (21) days of the date of this Order.

1

# I.  FACTUAL BACKGROUND

On March 29, 2007, the debtors filed a Chapter 13 bankruptcy petition. As part of their filing, the debtors completed and filed Official Form B22C, the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.

After filing the Chapter 13 petition, the debtors experienced a reduction in income, and on July 23, 2007, they converted their case to a case under Chapter 7.[1] As part of this conversion, the debtors filed Amended Schedules A through J.[2] The debtors did not, however, file a Form B22A, either at the time they filed their amended schedules or at any time since.

After the debtors converted their case, counsel for the United States Trustee ("UST") sent a letter to the debtors' attorney, asking the debtors to file a Form B22A. The debtors did not comply with this request. Accordingly, counsel for the UST filed a motion to dismiss the debtors' case pursuant to 11 U.S.C. § 707(a)(3).

# II.  ARGUMENTS OF THE PARTIES

## A.  The United States Trustee's Argument

Section 707(a)(3) gives a court the discretion, after notice and a hearing, to

---

[1] Section 1307(a) of Title 11 allows a debtor to convert a Chapter 13 case to a Chapter 7 case at any time.

[2] Interim Rule 1019 of the Federal Rules of Bankruptcy Procedure requires debtors who convert from Chapter 13 to Chapter 7 to file certain documents, often referred to as "conversion schedules," within fifteen (15) days of the date of conversion.

2

dismiss a case for "failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 . . . ." The UST's motion to dismiss alleges that Form B22A is part of the "information required by paragraph (1) of section 521," and points out that the debtors failed to file Form B22A.  Id.[3]

In support of this argument, counsel for the UST contends that § 521(a)(1) requires all debtors in bankruptcy cases to file certain information with the bankruptcy court.  She alleges that the plain language of § 707(b)(2)(C) modifies the requirements of § 521(a)(1) for Chapter 7 debtors by "impos[ing] an unequivocal obligation on debtors to file a statement of current monthly income and 'the calculations that determine whether a presumption arises under subparagraph (A)(i), that show how each such amount is calculated.' " (Mem. in Opp. at 5) (quoting 11 U.S.C. § 707(b)(2)(C)).

Counsel for the UST notes that § 707(b)(2)(C) "contains no express language excepting cases filed under another chapter from the means test requirement." (Mem. in Opp. at 5.)  She argues that if Congress had intended to create an exception to § 707(b)(2)(C) for cases that were converted to Chapter 7 from another chapter, it would have included such an exception in § 707(b)(2)(D).  As an example, counsel for the UST points out that Congress created an express exception to § 707(b)(2)(C) in §

_____

[3] If, indeed, § 521 requires debtors to file a Form B22A, these debtors would have had to file their Form B22A within fifteen (15) days of the date of conversion. *See* FED. R. BANKR. P. INTERIM R. 1019.

3

707(b)(2)(D), where it exempted certain disabled veterans from the means test requirements.[4]  She notes that Congress did not include in this exception debtors who converted from another chapter to Chapter 7, and concludes from this that Congress clearly intended for debtors in conversion cases to comply with the § 707(b)(2)(A)-(C) means test requirement.

Counsel for the UST further argues that Interim Federal Rule of Bankruptcy Procedure Rule 1007(b)(4) supports her reading of the statute, because that rule states that "[u]nless [the exception in] § 707(b)(2)(D) applies, an individual debtor *in* a chapter 7 case with primarily consumer debts *shall file* a statement of current monthly income prepared as prescribed by the appropriate Official Form [that is, Form B22A]." INTERIM FED. R. BANKR. P. 1007(b)(4) (emphasis added).  Because debtors who convert from another chapter to Chapter 7 are "in" a Chapter 7 case, she argues, the rule requires that they must file the statement of current monthly income "as prescribed by" Form B22A.

Finally, counsel for the UST points to two cases in which other bankruptcy courts have concluded that debtors must file Form B22A upon conversion.  She calls the Court's attention to the decision of the Rhode Island bankruptcy court in In re Perfetto, 361 B.R. 27 (Bankr. D.R.I. 2007), and the more recent case of In re Kerr, Nos.

---

[4] Section 707(b)(2)(D) states, "Subparagraphs (A) through (C) [the means test] shall not apply, and the court may not dismiss or convert a case based on any form of means testing, if the debtor is a disabled veteran . . . , and the indebtedness occurred primarily during a period during which he or she was– (i) on active duty . . . ; or (ii) performing a homeland defense activity . . . ."

06-12302 and 06-1288, 12007 WL 2119291 (Bankr. W.D. Wash. July 18, 2007). Both of these cases support the UST's reasoning.

B.    **The Debtors' Arguments**

The debtors respond that § 707(b)(1) does not require them to file Form B22A when they convert their case from a Chapter 13 case to a Chapter 7 case. They argue that, in filing their Form B22C along with their Chapter 13 petition, they fully complied with their duty to provide the information required by § 521. The debtors note that, due to their reduction of income, they were below-median-income debtors at the time of conversion, and thus would have been required to complete only lines 2 through 14 of Form B22A. They further argue that the result of the calculations on lines 2 through line 14 of Form B22A would have been identical to the result of the calculations they previously undertook on their Form B22C, which is on file with the Court. In essence, the debtors argue that for the Court to require them to file a Form B22A when they already have completed a Form B22C would be a useless and unnecessary exercise, because the UST has all of the information necessary to conduct the § 707(b) abuse analysis already available in the Form B22C.

In further support of their argument, the debtors urge this Court to follow the reasoning of the New Jersey bankruptcy court in In re Fox, 370 B.R. 639 (Bankr.D.N.J.2007). The Fox court rejected the reasoning of Perfetto, and concluded that a debtor who converted from Chapter 13 to Chapter 7 was "not subject to the means test under the plain language of § 707(b)(1) and [was], thus, not required to file

5

a Form B22A under [Interim] Rule 1007(b)(4)." Id. at 648.

## III.  ANALYSIS

The question before the Court is whether a debtor who initially files a petition under Chapter 13, and subsequently converts the petition to one under Chapter 7, must file Form B22A upon conversion.  To answer this question, the Court first looks at the statutes that command a debtor to file the information found in Form B22A.

**A.  The Statutes and Rules, Read Together, Require the Debtors to File Form B22A Upon Conversion.**

    1.   <u>Section 521 Ascribes Certain Duties to All Debtors, Regardless of the Chapter Under Which They File.</u>

Section 521 is entitled "Debtor's duties."  The Code defines a "debtor" as a "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(13).  A "debtor," then, is any person who has commenced a case under Title 11, be it a case under Chapter 13, Chapter 11 or Chapter 7.  Therefore, the duties § 521 describes apply to any person who has begun a case under any chapter of Title 11.

Section 521(a) states that a "debtor *shall* . . . file . . . a schedule of assets and liabilities . . . [and] *a schedule of current income and current expenditures*." 11 U.S.C. § 521(a)(1)(B)(i) and (ii) (emphasis added).  Thus, among the duties § 521(a) ascribes to all debtors is a requirement that they *must* file a schedule of assets and liabilities, current income and current expenditures.  Section 521(a)'s use of the word "must" results in these filing duties being mandatory for all debtors, regardless of the chapter

6

under which they file.

2. Section 707(b)(2)(C) Adds An Additional Duty Beyond Those Described In § 521(a)(1), But This Duty Applies Only To Chapter 7 Debtors.

Section 707 is that portion of the Code which allows a court the discretion to dismiss a Chapter 7 case, either for cause or if the court finds that "the granting of relief would be an abuse of the provisions" of Chapter 7. Subsection (b)(2)(C) of section 707 states that, "[a]s part of the schedule of current income and expenditures *required under section 521*, the debtor *shall* include a statement of the debtor's current monthly income, and the calculations that determine whether a presumption [of abuse] arises under subparagraph (A)(i), that show how each such amount is calculated." 11 U.S.C. § 707(b)(2)(C) (emphasis added). The point of § 707(b)(2)(C) is to require Chapter 7 debtors to file additional information—above and beyond what § 521(a)(1) requires—so that the court can determine whether the Chapter 7 filing constitutes "an abuse of the provisions" of Chapter 7. Thus, it applies only to Chapter 7 debtors.

Section 707(b)(2)(C) requires the Chapter 7 debtor to provide a "statement" containing two additional pieces of information, beyond the information required by § 521(a). Id. It requires the Chapter 7 debtor to provide a "statement" of the debtor's "current monthly income," and it requires the Chapter 7 debtor to provide a "statement" containing "the calculations that determine whether a presumption [of abuse] arises under subparagraph (A)(i) [of § 707(b)(2)] that show how each such amount is calculated." Id.

"Current monthly income" is defined specifically in the BAPCPA amendments.

7

It is not the same as the income information a debtor must include on the Schedule I Current Income of Individual Debtors form. Rather, § 101(10A) of the amendments defines "current monthly income" as "the average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income, derived during the 6-month period ending on . . . the last day of the calendar month immediately preceding the date of the commencement of the case . . . ." 11 U.S.C. § 101(10A) "[T]he calculations that determine whether a presumption [of abuse] arises under subparagraph (A)(i)" of § 707(b)(2) are a somewhat complicated set of equations that require Chapter 7 debtors to take their "current monthly income," as defined in § 101(10A), reduce it by certain expenses, and then multiply it by certain amounts. 11 U.S.C. § 707(b)(2)(C).

Reading § 521 and § 707(b)(2)(C) together, then–as one must do for Chapter 7 debtors–one sees that BAPCPA requires a Chapter 7 debtor to file all of the documents enumerated in § 521(a)(1) *plus* some sort of "statement" showing the debtor's average income from all sources during the six full months prior to filing *and* the additions, subtractions and multiplications of that "current monthly income" described in § 707(b)(2)(A). The next question is, does the statute require *all* Chapter 7 debtors to file all of this information? The answer is no.

Section 707 provides one exception to the combined § 521(a) and § 707(b)(2) requirements. Subsection (b)(2)(D) of § 707 states that,

> Subparagraphs (A) through (C) shall not apply, and the court may not dismiss or convert a case based on any form of means testing, if the

8

debtor is a disabled veteran . . . , and the indebtedness occurred primarily during a period during which he or she was–(i) on active duty . . .; or (ii) performing a homeland defense activity . . . .

11 U.S.C. § 707(b)(2)(D)(i) and (ii).

Thus, certain disabled veterans who file for Chapter 7 relief, while they must file the schedules and other documents required by § 521(a), do not have to file the additional means test information required by § 707(b)(2). Section 707(b)(2)(D) is, however, the only exception the statute provides to the means test requirement. There is, as the UST argues, no stated exception to the requirement for those Chapter 7 debtors who arrive in Chapter 7 by way of conversion. From this, the Court concludes that *all* Chapter 7 debtors, whether they file their original petitions under Chapter 7 or file under another chapter and later convert to Chapter 7, must provide the information required by § 707(b)(2)(C).

The next question the Court must answer is whether the statute or the rules require a Chapter 7 debtor to provide this information *on Form B22A*. To answer this question, the Court looks at the Interim Rules of the Federal Rules of Bankruptcy Procedure.

3. <u>Federal Rule of Bankruptcy Procedure Interim Rule 1007(b)(4) Requires Chapter 7 Debtors to File The Information "Prepared As Prescribed" By Form B22A.</u>

Interim Rule 1007(b)(4) of the Federal Rules of Bankruptcy Procedure states that, "[u]nless § 707(b)(2)(D) applies, an individual debtor in a chapter 7 case with primarily consumer debts shall file a statement of current monthly income *prepared*

9

*as prescribed by the appropriate Official Form*." INTERIM FED. R. BANKR. P. 1007(b)(4) (emphasis added). The appropriate Official Form for the means test information in a Chapter 7 case is Form B22A. Therefore, Interim Rule 1007(b)(4) requires that the statement of current monthly income and the means test information required by § 521(a) and § 707(b)(2)(C) be "prepared as prescribed" by Form B22A. The rule does not say that the information must be *on* the official form–it states that it must be "prepared as prescribed" by the official form. So–does information that a debtor provides on Form B22C for a Chapter 13 filing constitute (1) information required by § 707(b)(2)(C), and does it constitute (2) information "prepared as prescribed" by Form B22A? To answer this question, the Court must look at the forms themselves.

One need only look to the first page of the two forms (lamentably, each form is six pages long) to see that Form B22A contains information specifically required by § 707(b)(2)(C), while Form B22C does not.

> a.   *Form B22A Requires Information Concerning the Presumption of Abuse.*

In the top, right-hand corner of the Form B22A, one finds a box. The text inside the box reads, "According to the calculations required by this statement," and then there are two small check boxes. The line next to the first box reads, "The presumption arises." The line next to the second box reads, "The presumption does not arise." Beneath these two lines is the parenthetical, "(Check the box as directed in Parts I, III, and VI of this statement.)" The debtor is to select the box next to the appropriate line, and check that box.

10

The "presumption" to which these two lines refer is the presumption of abuse under § 707(b). And, as discussed above, § 707(b)(2)(C) requires a Chapter 7 debtor to provide calculations that determine whether that presumption arises. There is no such box on anywhere Form B22C, because Form B22C is not designed to assist in determining whether a presumption of abuse of Chapter 7 has arisen.

b.    *Form B22A Includes An Exclusion for Disabled Veterans*

The first part of Form B22A, under the form's title, is labeled, "Part I. Exclusion for Disabled Veterans." As discussed above, § 707(b)(2)(D) excuses some disabled veterans from complying with the means test requirements. Accordingly, Form B22A provides a section for those disabled veterans to complete, in order to demonstrate that they are excused from providing the means test information. Again, Form B22C does not contain such a section, because Chapter 13 does not excuse disabled veterans who file for Chapter 13 relief from complying with the disposable income requirements of § 1325.

c.    *Form B22A Requires A Marital Status Certification*

Next on Form B22A is Part II, the "Calculation of Monthly Income for § 707(b)(7) Exclusion." Section 707(b)(7) states,

> No judge, United States trustee . . . trustee, or other party in interest may file a motion [to dismiss for the presumption of abuse] if the current monthly income of the debtor . . . and the debtor's spouse combined, as of the date of the order for relief when multiplied by 12, is equal to or less than—
>
> (i)    in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

11

<ol type="i" start="2">
<li>in the case of a debtor in the household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or</li>
<li>in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $325 per month for each individual in excess of 4.</li>
</ol>

Thus, Part II of Form B22A is designed to help debtors and courts ascertain whether a debtor is subject to the presumption of abuse prescribed by § 707(b)(2)(A). As such, Form B22A allows Chapter 7 debtors to provide certain information, in a certain way, that Form B22C does not allow for Chapter 13 debtors. In particular, Part II(2) is designed for this purpose.

Part II(2) of Form B22A is labeled, "Marital/filing status." This is the same label that one sees on Part I(1) of Form B22C. Part II(2) of Form B22A contains four (4) check boxes from which the Chapter 7 debtor must select. The line next to box (a) reads, "Unmarried"–as does the line next to box (a) on Part I(1) of Form B22C. Beyond that however, the sections on the two forms are different, and they are different for a reason.

The line next to box (b) on Form B22A reads,

Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under the applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code."

In contrast, the line next to box (b) on Form B22C reads, simply, "Married." The reason for this difference can be found in § 707(b)(7)(B). That portion of the statute

Case 07-22127-pp    Doc 40    Filed 11/28/07    Page 12 of 24

states that,

> [i]n a case that is not a joint case, current monthly income of the debtor's spouse shall not be considered for purposes of subparagraph (A) if–
>
> > (i)      (I)      the debtor and the debtor's spouse are separated under applicable bankruptcy law; or
> >
> >          (II)      the debtor and the debtor's spouse are living separate and apart, other than for the purpose of evading subparagraph (A); and
> >
> > (ii)      the debtor files a statement under penalty of perjury–
> >
> > > (I)      specifying that the debtor meets the requirement of subclause (I) or (II) of clause (i); and
> > >
> > > (II)      disclosing the aggregate, or best estimate of the aggregate, amount of any cash or money payments received from the debtor's spouse attributed to the debtor's current monthly income.

11 U.S.C. § 707(b)(7)(B)(i)-(ii).

While it is difficult to wend one's way through the clauses and subclauses of § 707(b)(7)(B), the bottom line is that a Chapter 7 debtor doesn't have to include his spouse's income in the means test calculations if he is separated, files a declaration to that effect under penalty of perjury, swears that the separation is not solely for the purposes of evading the means test, and discloses the aggregate of any payments he gets from his estranged spouse that make up part of his current monthly income. Thus, this particular portion of Form B22A–which one does not find on Form B22C–addresses one of those "calculations that determine whether a presumption [of abuse] arises under subparagraph (A)(i)" that § 707(b)(2)(C) requires Chapter 7 debtors

13

to show.  11 U.S.C. § 707(b)(2)(C)

Box (c) on Part II of Form B22A reads, "Married, not filing jointly, without the declaration of separate households set out in Line 2.b above."  Needless to say, Form B22C does not contain this line.  Finally, box (d) on Part II of Form B22A reads, "Married, filing jointly."  Again, Form B22C does not contain this line.

It is true that Part II(13) on Form B22C is labeled, "Marital adjustment," and gives a Chapter 13 debtor the ability to argue that he is married, not filing jointly, and shouldn't have his spouse's income used to calculate the applicable commitment period under § 1325.  But in the case of debtors who are married but not filing jointly, Form B22C does not provide a way for the debtor to give the sworn statement required by § 707(b)(7)(B) to excuse him from including his estranged spouse's income in the means test calculations.

These three distinctions–all found on the first page of Form B22A–demonstrate that debtors who rely on a Form B22C to comply with the requirements of § 707(b)(2)(C) and Rule 1007(b)(4) are on shaky ground.  Depending on their circumstances, such debtors *may* have provided the information required by § 521(a) and § 707(b)(2)(C), but they have not "prepared" it in the form "prescribed" by Form B22A.

### 4. The Information the Debtors Provided in Their Form B22C Is Not "Prepared As Prescribed" by Form B22A.

The debtors in this case argue that, had they filled out a Form B22A, the information they would have put on that form would have been exactly the same as the

14

information they put on Form B22C. For example, they marked on Form B22C, Part I(1) that they are married. They did not claim, on Form B22C, Part II(13), a marital adjustment for married, not filing jointly. Thus, they might argue, they would not have needed to comply with § 707(b)(7)(B) by making a sworn statement under penalty of perjury. This is true. But the fact remains that the information they provided was not "prepared as prescribed" by Form B22A. In particular, nowhere on their Form B22C do they check any box telling the trustee or the court whether the presumption of abuse arises in their case. Nowhere on Form B22C do they indicate whether either of them is a disabled veteran who is excused from complying with the means test. Could a case trustee figure out the answers to these questions by talking to the debtors at their meeting of creditors, or filling out the Form B22A themselves? Certainly. But that is not where the statute puts the onus. The statute puts the onus of providing this information squarely on the debtors.

B.   **The Court is Not Persuaded by the Reasoning in Prior Precedents from Other Districts.**

Three bankruptcy courts have issued written decisions on the issue of whether debtors who convert to Chapter 7 must file a Form B22A. As counsel for the UST noted in her brief, two courts have come to the same conclusion that this Court reached above–that debtors who convert from another chapter to Chapter 7 must file a Form B22A. A third, cited by the debtors, comes to the opposite conclusion. The Court does not find the reasoning in any of these cases persuasive, although it reaches the same outcome as the cases cited by the UST.

15

1. <u>In re Perfetto</u>

In January 2007, the bankruptcy court for the District of Rhode Island decided the first case on the issue, <u>In re Perfetto</u>, 361 B.R. 27 (Bankr. D.R.I. 2007). In <u>Perfetto</u>, the debtor argued that only those debtors who originally filed their cases under Chapter 7 were required to file a Form B22A. The debtor based her argument on that language in § 707(b) which states that a court has discretion to dismiss a case *"filed* by an individual debtor under this chapter . . ."* for abuse. <u>Id.</u> at 30. The debtor did not "file" her case under Chapter 7, she argued, and therefore she did not have to file a Form B22A. <u>Id.</u>

The <u>Perfetto</u> court, however, read § 707(b) in conjunction with § 348(a), which provides that

> [c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

<u>Id.</u> (quoting 11 U.S.C. § 348(a)).

Thus, the <u>Perfetto</u> court concluded, "it appears to be well settled that when they do convert, debtors are deemed to have 'filed under' the *converted to* chapter, as of the date the original petition was filed." <u>Id.</u> at 31 (citations omitted). For this reason, the <u>Perfetto</u> court declined to read the "filed under" language in § 707(b) as narrowly as the debtor urged.

The <u>Perfetto</u> court also looked to Rule 1007(b)(4) in support of this conclusion,

16

as well as to FED. R. BANKR. P. 1019(2), which provides for "the commencement of a new time period for substantial abuse motions under Section 707(b) in cases converted from Chapter 13 to Chapter 7." Id.  Again, these rules brought the Perfetto court to the conclusion that "the intent of the drafters [was] that Form B22A be required upon conversion, so that a review of the Debtor's financial condition could be conducted within the renewed filing period for motions under 707(b)." Id.

Finally, the Perfetto court addressed the debtor's argument that requiring a debtor to file a Form B22A upon conversion could lead to absurd results in cases where the debtors convert many months or years after the petition date.  Because Form B22A focuses on the debtor's income from the six-month period *before* the month in which the petition was filed, the Perfetto debtor argued that requiring a debtor to file a Form B22A containing information that was months or years old would create an incongruous result when a trustee or court was conducting an abuse review.  The Perfetto court was not persuaded by this argument.  The court stated,

> Such incongruous results appear throughout BAPCPA, creating the potential for many anomalies that were either never considered or completely ignored by the architects of this law.  Left to deal with such issues, but with no guidance provided by the seemingly myopic drafters, courts are and will be required to fashion common sense approaches to achieve order out of the confusion unwittingly created by Congress.  To that end, in anticipation of and acknowledging the foregoing caveat, this Court will consider the treatment of those cases on an ad hoc basis, if and when they are filed, and only upon careful consideration of the totality of the circumstances in each case.

Id.

2. In re Kerr

Months later, the bankruptcy court for the Western District of Washington confronted just this situation in In re Kerr, Nos. 06-12302 and 06-12881, 2007 Bankr. WL 2119291 (Bankr. W.D. Wash. July 18, 2007). In Kerr, one debtor converted her case from a Chapter 13 proceeding to one under Chapter 7 almost seven months after she filed her original petition, and another pair of debtors converted their case eight months after their petition date. In arguing that they should not have to file a Form B22A upon conversion, these debtors interpreted the "filed under" language of § 707(b) in the same way that the Perfetto debtor had done. Id. at *3. The Kerr court was persuaded by the same language in § 348 that persuaded the judge in Perfetto. Id. Further, the Kerr court rejected the reasoning of the case the debtors in the instant matter urge upon this Court, In re Fox, 370 B.R. 639 (Bankr.D.N.J.2007).

3. In re Fox

In spite of Perfetto and Kerr, the debtors in this case urge this Court to follow the reasoning of the court in Fox. The trustee in Fox argued that § 707(b)(2)(C) was consistent with Interim Bankruptcy Rule 1007(b)(4), "which requires a debtor 'in a chapter 7 case' to file [Form B22A]," and further argued that "the language 'in a chapter 7 case' should be read to include those cases filed under chapter 13 and subsequently converted to chapter 7." 370 B.R. at 644-45 (quoting INTERIM FED. R. BANKR. P. 1007(b)(4)). The Fox court rejected this argument, and stated that the court would "not apply the words of a rule to contradict and supercede the unambiguous

18

words of a statute [that is, § 707(b)(1)]." Id. at 645. Rather, the Fox court determined that the governing statutory section on this issue is § 707(b)(1). Section 707(b)(1) states that a court

> may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtors' consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1).

The Fox court stated that it was engaging in a plain-language analysis of § 707(b)(1), and concluded that "[t]here is nothing in the language of § 707(b)(1) that indicates that this section was meant to apply to debtors who convert a case under either chapter 13 or chapter 11 to chapter 7." 370 B.R. at 643.

4. This Court's Reasoning

This Court respectfully disagrees with the Fox court that the applicable provision guiding the analysis of this issue is § 707(b)(1). Section 707(b)(1) is the section of the Code that provides courts with the discretion to dismiss or convert a case "filed by an individual debtor under [chapter 7]," and provides the court with the standard it should apply in deciding whether to exercise that discretion. But § 521(a), and by adoption, § 707(b)(2)(C), mandate what information a debtor must file, *not* § 707(b)(1). While the dismissal standard appears first in § 707(b), it can be applied only after Chapter 7 debtors file the documentation that §§ 521(a) and 707(b)(2)(C) require Chapter 7 debtors to file. In that sense, § 707(b)(2)(C) is better read, not as part of § 707(b)(1), but as part of § 521(a). Just as all debtors must file the information required

19

by § 521(a), all Chapter 7 debtors–with one exception discussed above–must file the information required by § 707(b)(2)(C), in the form required by Rule 1007(b)(4). Only then, after the Chapter 7 debtor files these required documents, is a trustee or a court able to apply the abuse standard from § 707(b)(1). Because <u>Fox</u> relies on § 707(b)(1) in concluding that debtors who convert to Chapter 7 do not have to file a Form B22A, and because this Court does not agree that § 707(b)(1) is the applicable statute section governing the issue, the Court declines to follow <u>Fox</u>.

Similarly, while the Court reaches the same conclusion as the courts in <u>Perfetto</u> and <u>Kerr</u>, it disagrees with some of the reasoning those courts used to reach that conclusion. The <u>Perfetto</u> and <u>Kerr</u> courts based their decisions, in part, on § 348(a) of the Code, which states that conversion of a case from one chapter to another "constitutes an order for relief under the chapter to which the case is converted," but does not change the filing date. The effect of § 348(a) on a case like the instant debtors', therefore, is that their conversion from Chapter 13 to Chapter 7 on July 23, 2007 causes the case to be treated as if it had been filed as a Chapter 7 on March 29, 2007–the day the debtors filed the Chapter 13 petition.

This Court does not find § 348(a) relevant to the issue at hand, again because § 348(a) comes into the analysis via § 707(b)(1). Section 707(b)(1) states that a court has the discretion to dismiss a case *"filed by an individual under this chapter"* if it finds that the granting of relief would constitute abuse. The debtors in <u>Perfetto</u>, <u>Kerr</u>, <u>Fox</u> and this case argued that they did not file "under this chapter"–that is, under Chapter

20

7–and therefore that the rest of § 707(b) didn't apply to them. The <u>Perfetto</u> and <u>Kerr</u> courts responded that those debtors *did*, effectively, file under Chapter 7, by operation of § 348(a). But as this Court reads the statute, § 707(b)(2)(C) applies to Chapter 7 debtors, period, before a court or trustee ever gets to the question of whether those debtors "filed . . . under" Chapter 7 or not. Congress grafted the requirements of § 707(b)(2)(C) onto Chapter 7 debtors through § 521(a), and regardless of whether they came into Chapter 7 via their original filing or via conversion, Chapter 7 debtors must comply with the dictates of § 707(b)(2)(C).

C. **The Practical Arguments Against Requiring Converting Debtors to File Form B22A Do Not Mandate a Different Result.**

The debtors in the instant case argue that, as below-median debtors, they would be required to complete only a small portion of Form B22A. They imply that it is, therefore, make-work for the Court to require them to file that form when they filed much more extensive information in their Form B22C as part of the Chapter 13 filing. The Court has no wish to make more work for anyone. But, at the risk of appearing to pass the buck, it appears that BAPCPA has created a great deal more work for all of the parties to bankruptcy proceedings–trustees, debtors and creditors. Relative to some of the other burdens BAPCPA has placed on the various parties, filling out 14 lines of a form seems to be one of the more minor ones. Indeed, when debtors convert from one chapter to another, they must file conversion schedules. A requirement that they file the Form B22A, then, does not amount to requiring debtors to file documents when otherwise they would not have to. It simply changes the list of documents they

must file.

One might question whether it is necessary for the trustee or the court to conduct an abuse analysis in the case of a debtor who converts from Chapter 13 to Chapter 7. Certainly the <u>Fox</u> court raised this question. It appears to this Court, however, that the Rules Committee, at the very least, perceived such a necessity. Interim Rule 1019(2) of the Federal Rules of Bankruptcy Procedure begins a new time period for, among other things, "filing a motion under § 707(b)"–in other words, motion to dismiss for abuse–upon conversion. And one can imagine circumstances in which a trustee or court could find that granting relief to a debtor who converts from a Chapter 13 to a Chapter 7 proceeding would be an abuse of the provisions of Chapter 7.

Finally, it does seem strange, as the debtor in <u>Perfetto</u> argued, that a debtor might convert from Chapter 13 to Chapter 7 months, or years, after filing her original petition, at a time when her financial circumstances have changed dramatically, with the result that her "current monthly income" information–that historical information from the six months before the debtor filed her petition–would be inaccurate at the time she would have to file a Form B22A. But as the <u>Perfetto</u> court noted, the application of some provisions of BAPCPA yield absurd results in some situations. Debtors, trustees and courts must deal with those situations on a case-by-case basis when they arise.

22

## III. CONCLUSION

The Court concludes that § 521(a) and § 707(b)(2)(C), along with Interim Rule 1007(b)(4), require every Chapter 7 debtor with primarily consumer debts (other than those disabled veterans excused by § 707(b)(2)(D)) to file Form B22A–regardless of whether they arrive in Chapter 7 by virtue of their original filing, or by virtue of conversion from another chapter.  Because the debtors in the present case are Chapter 7 debtors with primarily consumer debts, and because, as far as the Court can tell, neither debtor falls within the exception of § 707(b)(2)(D), the debtors must file Form B22A.

The Court declines to exercise its discretion under § 707(a)(3) to dismiss this case for cause.  Rather, the Court will allow the debtors some time from the date of this Order to file the required Form B22A.  In addition, 11 U.S.C. § 704(b)(1)(A) states that

> [w]ith respect to a debtor who is an individual in a case under this chapter . . . the United States trustee . . . shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b).

The debtors' 341 meeting in their Chapter 7 case was conducted on September 7, 2007, and at that time the debtors had not filed a Form B22A; therefore, the trustee could not comply with the commands of § 704(b)(1)(A) within the time period specified.  Accordingly, the Court will extend the time for counsel for the UST to file a § 707(b) motion, if she believes such a motion is appropriate, for a period beyond the date required for the debtors to file the Form B22A.

23

**WHEREFORE**, the Court hereby **DENIES** the trustee's motion to dismiss. The Court further **ORDERS** the debtors to file Form B22A within **twenty-one (21) days** of the date of this order. If the debtors fail to file Form B22A within that time, the Court will grant the trustee's motion to dismiss. The Court further grants the UST **thirty (30) days** after the receipt of the debtors' Form B22A within which to review all the materials filed by the debtor and to file with the court a statement as to whether the debtors' case would be presumed to be an abuse under § 707(b).

**SO ORDERED** this 28th day of Nov., 2007.

HON. PAMELA PEPPER
United States Bankruptcy Court

24